IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

C-III ASSET MANAGEMENT LLC, solely in its
capacity as Special Servicer,

                      Plaintiff,

v.

ESQUIRE DEVELOPMENT LLC,

                      Defendant.

OPINION AND ORDER

11-cv-739-wmc

---

**DEFAULT FORECLOSURE JUDGMENT**

---

Plaintiff C-III Assett Management LLC having filed due proof of proper service of the Summons and Complaint in this matter and the timely filing of the lis pendens in the respective counties below;

It appearing that the time for answering the complaint in this matter has expired, that defendant Esquire Development LLC has failed to file or serve an answer, motion or other responsive pleading, and that no other appearances having been made in this action;

Plaintiff having timely moved for default foreclosure judgment; and proof of the matters and items alleged in the complaint having been made and proven by unopposed affidavit;

Therefore, IT IS HEREBY ORDERED AND ADJUDGED that:

1. Plaintiff's motion for default foreclosure judgment against defendant Esquire Development LLC is granted.

2. Esquire Development LLC ("Esquire Development") is indebted to Plaintiff under the promissory note in this action in the total amount of $5,307,882.12, consisting of $4,068,577.27 in principle and $1,239,304.85 of interest, contractual late fees and protective advances.

3. The promissory note is secured by the following real property:

PARCEL A:

Lot One (1) of Certified Survey Map recorded in Volume 25 of Certified Survey Maps on Pages 4, 5 and 6 as Document No. 1527728, being a Certified Survey Map of Lot 1 of a Certified Survey Map recorded in Volume 6, Pages 226 and 227, also Lot 1 of a Certified Survey Map as recorded in Volume 10, Pages 443-445, being part of Lots 86 and 87 of Smith Bailey's Addition, part of Lot 179 of Smith, Bailey & Stone's Addition, and all being located in the SW 1/4 of the NW 1/4 and the NW 1/4 of the NW 1/4 of Section 36, T.3N, R.12E., of the 4th P.M., City of Janesville, Rock County, Wisconsin.

222 N. Academy Street, Janesville, WI
Tax Key No. 01361 00309
Parcel ID No. 241 0136100309

PARCEL B:

Lot Two (2) of a Certified Survey Map recorded in Volume 11 of Certified Survey Maps, on Pages 264 and 265, as Document No. 972925, City of Janesville, Rock County, Wisconsin, more particularly described as follows:

Beginning at the Southwest corner of said Lot 2; thence 280.52 feet along the arc of a curve to the right having a radius of 275.00 feet and a long chord subtended bearing N 40 degrees 50' 25" E, 268.52 feet; thence N 70 degrees 06' 17" E, 169.18 feet; thence S15 degrees 34' 37" E, 271.17 feet; thence N89 degrees 55' 50" W, 407.50 feet to the point of beginning.

1310 Plainfield Avenue, Janesville, WI

Tax Key No. 02184 00312
Parcel ID No. 241 0218400312

PARCEL C:

Lot One (1) of Certified Survey Map No. 3886 as recorded in Volume 15 of Certified Survey Maps of Green County on Pages 107 through 109 being recorded in the office of the Register of Deeds for Green County, Wisconsin.

2410 1st Center Avenue, Brodhead, WI
Tax Parcel No. 23-206-2324.2000

PARCEL D:

Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8) and Nine (9) of Block Nine (9), Central Subdivision; Together with the East 1/2 of the vacated alley abutting said Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), Seven (7), Eight (8), and Nine (9) of Block Nine (9), all located in part of the Northeast 1/4 of the Northeast 1/4 of Section 7, T17N, R6E, City of Adams, Adams County, Wisconsin, being more particularly described as follows:

Beginning at the Northeast corner of said Block 9; thence along the West right of way line of Oak Street S0101'26" E, 223.60 feet to the Southeast corner of said Lot 9; thence along the South line of said Lot 9 S8956'18" W, 135.50 feet to the center line of said vacated alley; thence along said center line N0057' 18" W, 223.69 feet to the South right of way line of Lincoln Street; thence along said south line N8958' 36" E, 135.23 feet to the point of beginning.

225 West Lincoln Street, Adams, WI
Tax Parcel No. 201-118

PARCEL E:

Lot One (1), but not including Outlot One (1), of Volume 7 of Certified Survey Maps, Pages 224, Map No. 481, as recorded in the office of the Register of Deeds for Vernon County, Wisconsin on October 11, 2004 as Document No.

418349, being a part of Lot 6 of Certified Survey Map No. 92 as recorded in Volume 4, page 205, and part of the SW 1/4 of the NE 1/4, part of the SE 1/4 of the NE 1/4, part of the NW 1/4 of the SE 1/4, part of the NE 1/4 of the SE 1/4, all being in Section 28, Town 14 North, Range 4 West, City of Westby, Vernon County, Wisconsin, described as follows:

Commencing at the North Quarter (N 1/4) corner of said Section 28; thence S 88 degrees 55 minutes 31 seconds E 1328.40 feet along the North line of the NE 1/4 to the East line of the NW 1/4 of the NE 1/4; thence S 00 degrees 06 minutes 48 seconds W, along said line 2429.73 feet to the place of beginning; thence continuing S 00 degrees 06 minutes 48 seconds W, 203.70 feet; thence S 89 degrees 53 minutes 12 seconds E, 112.28 feet to the curving Northwesterly right-of-way line of State Trunk Highway 27; thence Southwesterly 40.31 feet along a curve to the left, having a radius of 1277.77 feet, the chord bearing S 45 degrees 03 minutes 27 seconds W, 40.31 feet; thence continuing along said right-of-way S 45 degrees 39 minutes 38 seconds W, 156.68 feet to the Northeasterly right-of-way line of Swiggum Street; thence N 44 degrees 23 minutes 46 seconds W, along said line 251.45 feet; thence N 51 degrees 35 minutes 33 seconds E, 261.13 feet.

98 Swiggum Street, Westby, Wisconsin
Tax Parcel No. 291-00573-0014


PARCEL F:

A parcel of land being part of Lot Three (3) of Certified Survey Map No. 1819 as recorded in Volume 13 of Certified Survey Maps on Page 27, located in the Northeast 1/4 of the Southeast 1/4, Section 9, Township 17 North, Range 20 East, City of New Holstein, Calumet County, Wisconsin, bounded and described as follows:

Commencing at the most Southerly Corner of Lot 3 of said Certified Survey Map No. 1819; thence N43°04'53" E, 409.84 feet along the Southeasterly line of said Lot 3 to the point of beginning; thence N46°55'07" W, 148.95 feet along said Northeasterly line; thence N03°43'13" W, 36.89 feet; thence N43°04'53" E, 224.75 feet to a point on the

Southwesterly Right-of-Way line of S.T.H. "57"; thence S46°55'07" E, 175.84 feet along said Southwesterly Right-of-Way line to the Southeasterly line of said Lot 3; thence S43°04'53" W, 250.00 feet along said Southeasterly line to the point of beginning.

Together with all rights, privileges and benefits as set forth more specifically in the Declaration of Reciprocal Easement recorded in the office of the Register of Deeds of Calumet County, on January 30, 2006 as Document No. 401356.

2241 Calumet Drive, New Holstein, WI
Tax Parcel No. 261-0202-00L0300-000-0-172009-00-410D

4. The above-described real estate be sold at separate public auctions in each of the respective counties, by or under the direction of the sheriff for each respective county (or his or her designee) at any time six (6) months after the date of entry of this judgment, unless previous to such sale, (a) said premises and judgment shall be redeemed in a manner provided by law, by the payment of the amount of such lien, together with attorneys' fees, costs, and interest thereon, at the rate provided by law, and any costs, expenses, or attorneys' fees incurred herein, plus any additions to such items including by reason of taxes or insurance premiums paid; or (b) this court shall direct otherwise, the sheriffs of the respective counties shall conduct the sales in the same manner as those conducted in state court actions.

5. For the sales pursuant hereto, said sheriffs shall give public notice of the time and place of such sales in a manner provided by law, and that publication of such notices be made in their respective newspapers of record in the respective counties.

6. Any of the parties to this action may purchase the offered properties at such sales, and the sheriffs shall file with the Clerk of this Court a report of such sales, and

shall also or immediately after said sales deposit with the Clerk any proceeds thereof, (after deducting the costs and expenses of said sales, unless otherwise ordered by the Court); that the purchaser, other than Plaintiff, shall, at the time of sale, deposit with the sheriff ten percent (10%) of the purchase price in cash or certified check which shall not be refunded to the purchaser unless the sale is not confirmed through no fault of the purchaser, and the balance of the purchase price shall be paid within ten (10) days of confirmation of sale by said purchaser to Plaintiff, or otherwise the deposit shall be forfeited; and except that if Plaintiff be the successful bidder at such sale, the sheriff may take the receipt of the Plaintiff in lieu of any cash payments; that the sheriff, upon compliance on the part of the purchaser with the terms of such sale as required by law, shall make and execute to said purchaser a deed to the premises so sold, as hereinafter described, stating the price paid therefore, and shall forthwith deliver such deed to the Clerk of this Court to be held by said Clerk until the confirmation of said sale; that upon confirmation thereof, the Clerk shall deliver said deed to said purchaser upon compliance by said purchaser with the terms of such sale, and the payment of any balance of the sale price to be paid, the Clerk shall thereupon pay to the Plaintiff, or its attorneys, from the proceeds of such sale, the sum of $5,307,882.12, along with interest on the sums at the rate provided by law from the date hereof and any additions thereto, or so much thereof as the monies derived from the sale and said premises will pay the same and take receipts therefore; that the surplus money, if any, shall be subject to the further order of the Court.

7. Judgment for a deficiency against the defendant Esquire Development LLC is reserved by Plaintiff. The amount of the deficiency shall be calculated as the difference between the amount due on the promissory note and the sale prices confirmed by the Court.

8. Upon confirmation of the sales of the mortgaged premises, said purchasers, or his or their heirs, representatives, or assigns, be let into possession of the premises sold, upon production of the sheriff's deed thereto or a duly authenticated copy thereof, that every and each of the parties to this action who may be in possession of the premises, and every other person who, since the filing of the notice of the pendency of this action, has come into possession of the same or any part thereof under them or either of them, shall deliver to such grantee or grantees named in said deed, possession of the mortgaged premises, and that a writ of assistance be issued if necessary to secure such possession.

9. Defendant Esquire Development, and its successors, assigns, and all persons claiming under it after the filing of the notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises, except the right to redeem the same before a sale as provided by law.

10. Plaintiff may pay the taxes on the mortgaged premises or insurance premiums accruing against same, or that the court appointed receiver may do the same, and that in the event that any payments be made, the Plaintiff may obtain further order from the Court directing that the amount so paid with interest be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

11. Defendant Esquire Development and all other persons are here enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same, unless, meanwhile, said premises have been duly redeemed as by then provided by law.

Dated this 15th day of January, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

Entered this 16th day of January, 2013.

Peter Oppeneer, Clerk of Court